IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

JODIE SCOTT TRIBBLE,
ADC #131653                                                                                          PLAINTIFF

v.                                            1:05CV00052HLJ

BRENT EARLEY, et al.                                                                          DEFENDANTS

MEMORANDUM AND ORDER

I.  Introduction

This matter is before the Court on defendants' motion for summary judgment (DE #25) and plaintiff's motion to compel (DE #30).  Plaintiff has filed a response in opposition to defendants' motion (DE #29), and defendants have responded to plaintiff's motion to compel (DE #31).

Plaintiff is a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs while he was incarcerated at the Randolph County Jail (Jail) from July-September, 2004.  Specifically, plaintiff states that one of his legs is amputated below the knee and that he wears a prosthesis on that leg.  During his incarceration at the Jail, plaintiff states that he developed an infection on his stump, where the prosthesis had rubbed, and filed numerous grievances asking to see a doctor.  Plaintiff alleges that defendants did not respond to his grievances and did not provide him with medical care during this time, and that he suffered from fever and excruciating pain.  Plaintiff asks for monetary relief from defendants.

II.  Summary Judgment

A.  Defendants' Motion

In support of their motion for summary judgment, defendants state that plaintiff has sued

them in their official capacities only, and that he can not prove liability on the part of the county, because he has not alleged that defendants' actions were the result of an unconstitutional county policy. In the alternative, defendants state that plaintiff fails to support his claim because he has provided no proof that he suffered from a serious medical need. Specifically, defendants state that when plaintiff was transported from the Jail to the ADC in September, 2004, he was given a health examination by the ADC and did not report any problems of an infection with his leg. He was also not provided with antibiotics for his leg, and although he did file medical requests in November, 2004 with respect to his leg, he did not allege any type of infection.

B. Plaintiff's Response

In his response, plaintiff states that a medical condition does not have to be an emergency to be considered serious, and that defendants consistently failed to respond to his grievances and failed to provide him adequate medical care. Plaintiff states that defendants deliberately housed him upstairs in the Jail, which resulted in plaintiff's prosthesis rubbing blisters on his leg while he walked up and down the stairs.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party

cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

Initially, the Court notes that plaintiff clearly alleges, both on the first page of his complaint and on page 7 of his complaint, that defendants acted in both their individual and official capacities. Therefore, defendants' argument for dismissal based on an official capacity complaint will be denied.

With respect to defendants' claim that plaintiff can not establish a serious medical need, the Court finds a sufficient dispute of fact to render summary judgment improper.  In order to support his claim, plaintiff must show that defendants were deliberately indifferent to his serious medical need. Farmer v. Brennan, 114 S.Ct. 1970 (1994).  Plaintiff alleges that he suffered from a fever and from "excruciating" pain, and that numerous requests to see the doctor were ignored by the defendants.  Defendants do not dispute that during plaintiff's approximately two-month stay at the Jail, plaintiff filed six requests to see a doctor based on his alleged infection on his leg.  Defendants also do not dispute plaintiff's allegations that they did not respond to any of these requests, and that he was never taken to see a medical professional.  Defendants do not produce any Jail medical records or logs in support of their claim that plaintiff's allegations are not serious.  Although records of plaintiff's first examination at the ADC do not note a problem with his leg, there are records that in November, 2004, plaintiff experienced a moderate rash on his stump and a case of

severe dry chapped skin of that area. Based on this record and plaintiff's allegations of pain, the Court finds a material dispute of fact concerning whether his alleged rash was a serious medical need and whether defendants' failure to act in response to his complaints constituted deliberate indifference to that need. Therefore, the Court will deny defendants' motion.

### III.  Motion to Compel

With respect to plaintiff's motion to compel, plaintiff asks that defendants produce answers to his proposed interrogatories.  In their response, defendants state that plaintiff submitted this second set of interrogatories to them on April 4, 2006, and that their responses are not due until May 4, 2006. Therefore, the Court will deny plaintiff's motion, without prejudice. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #25) is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to compel (DE #30) is hereby DENIED without prejudice.

IT IS SO ORDERED this 12th day of May, 2006.

_____
United States Magistrate Judge